UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROLAND MA,<br><br>               Plaintiff,<br><br>    v.<br><br>STRIPE INC.,<br><br>               Defendant. | CASE NO. C25-0864-KKE<br><br>ORDER DISMISSING PARTY AND FOR SANCTIONS AGAINST PLAINTIFF |

This matter comes before the Court on Plaintiff Roland Ma's response to the Court's June 6, 2025, Order to Show Cause (Dkt. No. 33). Dkt. Nos. 34–36.

## I. THIRD PARTY DEFENDANT DOUGLAS CHAN CHAK MAN

There is no claim against Douglas Chan Chak Man by Plaintiff or Stripe, the remaining parties, and Plaintiff does not oppose dismissing Douglas Chan Chak Man from this action without prejudice. Dkt. No. 34 at 1. Accordingly, Douglas Chan Chak Man is DISMISSED without prejudice.

## II. SANCTIONS AGAINST PLAINTIFF

In its order to show cause, the Court explained that certain documents suggested "Plaintiff Roland Ma has issued subpoenas and other official documents with the Court seal and signatures of Court personnel without authorization." Dkt. No. 33 at 1. The Court further ordered as follows:

> Plaintiff shall explain the origin of the subpoenas at Dkt. No. 17 and Dkt. No. 26-1 at page 6, and the document at Dkt. No. 30 at page 3, and shall indicate whether he

affixed the signature of Court staff and/or the Court seal to any document. Plaintiff shall further show cause why he should not be sanctioned under applicable law, including but not limited to Rule 11 of the Federal Rules of Civil Procedure, Local Rule 11, and 28 U.S.C. § 1927.

*Id.* at 2. In response, Plaintiff stated these documents were intended to be proposed versions of documents for the Clerk to issue and that "[n]one of these documents were served as final or enforceable legal process without Court review." Dkt. No. 34 at 2–3. Plaintiff also submitted a declaration that explained the importance of the facts he discovered through "subpoenas and communications issued to American Express International, Inc., The Hongkong and Shanghai Banking Corporation Limited (HSBC), Standard Chartered (Hong Kong) Bank, Limited, and the Bank of East Asia, Limited (BEA)[.]" Dkt. No. 36 at 1. Plaintiff further declared: "All documents issued were drafted in good faith based on publicly available templates online and were issued only to facilitate essential fact-finding from institutions that had previously denied or obstructed access to relevant documents." *Id.* at 4.[1]

Plaintiff's response to this Court's order to show cause is as revealing in what it does not say as what it does. Dispositively, Plaintiff does not dispute that he affixed a Court signature and Court seal to documents without permission. And Plaintiff's argument that these were only "proposed," "draft," or "exemplar" documents that he intended to submit to the Court for approval (Dkt. No. 34 at 2–3) is belied by the record that shows these documents were received by third parties (Dkt. No. 17 at 1–2, Dkt. No. 30 at 1–3) and Stripe (Dkt. No. 26-1 at 1, 6). Moreover, Plaintiff's own declaration admits he sent the forged subpoenas to third parties. Dkt. No. 36 ¶¶ 2, 10. The Court thus finds that Plaintiff issued subpoenas to third parties without Court approval in

---

[1] Defendant Stripe, Inc. ("Stripe") filed a response to the Order to Show Cause with additional troubling allegations of further misconduct (including additional forgeries) and a supporting declaration. Dkt. Nos. 40–41. Plaintiff responded. Dkt. No. 42. The Court will not consider Stripe's response for purposes of this Order but, to the extent Stripe seeks other relief, it may do so through a properly filed motion.

ORDER DISMISSING PARTY AND FOR SANCTIONS AGAINST PLAINTIFF - 2

violation of Federal Rule of Civil Procedure 45(a)(3) by affixing Court staff signatures and the Court seal on documents without permission.

Accordingly, Plaintiff must be sanctioned under Federal Rule of Civil Procedure 26(g)(3). Fed. R. Civ. P. 26(g) (a court must impose an appropriate sanction when a party inaccurately certifies that a discovery request "is consistent with these rules…[and] not interposed for an improper purpose"); *see also Wiideman v. Bayer*, 996 F.2d 1230 (9th Cir. 1993) (applying Rule 26(g)(3) sanctions to pro se parties); *Mount Hope Church v. Bash Back!*, 705 F.3d 418, 428 (9th Cir. 2012) (finding Rule 26(g) applies to the subpoena process).  As a sanction, Plaintiff is prohibited from engaging in any discovery in this matter whatsoever pending further order of this Court, including but not limited to propounding any subpoenas to third parties or discovery requests to Defendant Stripe.  Further, to the extent Plaintiff has any subpoenas or other third-party discovery requests outstanding, he must withdraw or cancel such requests immediately.

The Court reserves ruling on the appropriateness of further sanctions for Plaintiff's conduct, including further monetary sanctions or involuntary dismissal under Federal Rules of Civil Procedure 37 and 41.  Ma is further admonished that the Court may order payment of Stripe's attorney's fees in the event of further misconduct.

Dated this 23rd day of June, 2025.

*Kymberly K. Evanson*
―――――――――――――――――――
Kymberly K. Evanson
United States District Judge

ORDER DISMISSING PARTY AND FOR SANCTIONS AGAINST PLAINTIFF - 3