UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROLAND MA,<br><br>               Plaintiff,<br>    v.<br><br>STRIPE INC,<br><br>               Defendant. | CASE NO. C25-0864-KKE<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S PENDING MOTIONS |

This matter comes before the Court on several pending motions. Dkt. Nos. 20, 39, 50. For the reasons provided below, the Court grants Defendant's motion to dismiss and denies Plaintiff's pending motions. The Court also addresses Plaintiff's concerning litigation conduct.

### I. BACKGROUND

Plaintiff Roland Ma, proceeding *pro se*, alleges that Defendant Stripe Inc. ("Stripe") violated the Federal Arbitration Act ("FAA") by failing to "honor or administer arbitration proceedings … despite the existence of valid arbitration agreements." Dkt. No. 6 at 3–4. Plaintiff also alleges Stripe violated the Fair Credit Reporting Act ("FCRA") by failing to provide "rebuttals and supporting documentation" relating to chargebacks (or payment disputes) initiated by a third party on payments made to Plaintiff. *Id.* at 4–5. Plaintiff seeks declaratory and injunctive relief arising from these claims. *Id.* at 6.

## II. ANALYSIS

**A.   Stripe's Motion to Dismiss Is Granted.**

Stripe moves to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 20.[1] Plaintiff responded (Dkt. No. 24) and Stripe replied (Dkt. No. 51).[2] The Court finds oral argument unnecessary and that this matter is ripe for resolution. Local Rules W.D. Wash. LCR 7(b)(4). The Court grants Stripe's motion and dismisses the complaint, but grants leave to amend.

1. Legal standard

In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court examines the complaint to determine whether, if the facts alleged are true, plaintiff has stated "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court "consider[s] the allegations collectively and examine[s] the complaint as a whole." *Wilson v. Craver*, 994 F.3d 1085, 1093 n. 5 (9th Cir. 2021) (cleaned up). A claim is plausible if plaintiff has pleaded "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

---

[1] Stripe also moves to dismiss Plaintiff's FAA claim for lack of standing under Rule 12(b)(1) arguing the arbitration agreement is between Stripe and Handsomeland & Co. Dkt. No. 20 at 10–12. "The Ninth Circuit has explained that the question of whether a plaintiff 'possesses legally enforceable rights under [an] agreement is a question of the merits rather than one of constitutional standing.'" *Torrey Pines Logic, Inc. v. Gunwerks, LLC*, No. 19-cv-02195-H-DEB, 2020 WL 6321569, at *3 (S.D. Cal. Oct. 28, 2020) (quoting *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, 975 F.3d 770, 776 n.4 (9th Cir. 2020)). Accordingly, the Court analyzes Stripe's argument under the 12(b)(6) standard.

[2] Plaintiff's "intent to file a surreply" on the motion to dismiss is denied and no such filing will be considered. *See* Dkt. No. 52. Each argument Plaintiff seeks to respond to in a surreply was raised in Stripe's motion to dismiss, which Plaintiff has had sufficient opportunity to address.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S PENDING MOTIONS - 2

Because Stripe's arguments are all properly considered under the 12(b)(6) standard which only allows the Court to consider documents outside the complaint in limited circumstances, and because the complaint fails on its face, the Court does not consider the extrinsic evidence submitted by Stripe. *See* Dkt. No. 26-1.

2. <u>The FAA claim is insufficiently pleaded.</u>

Plaintiff alleges Stripe's "refusal to participate in arbitration, despite a valid arbitration agreement, violates the FAA and deprives Plaintiff of a forum for redress." Dkt. No. 6 at 3. Plaintiff alleges the Stripe Services Agreement ("SAS") requires arbitration. *Id.* at 2. Stripe argues the FAA claim must be dismissed because Plaintiff's complaint "is devoid of any explanation about his relationship with Stripe, how he used its services, or any allegations of how its services led to this lawsuit." Dkt. No. 20 at 6.

The Court agrees that the FAA claim against Stripe is insufficient. Plaintiff does not clearly identify what claims Plaintiff seeks to arbitrate, the existence or contents of any arbitration agreement between Plaintiff and Stripe, or any facts surrounding Stripe's alleged refusal to participate in arbitration.[3] Rather, Plaintiff alleges that the American Arbitration Association refused to administer the arbitration. Dkt. No. 6 at 3–4. The missing information is necessary to state a claim to compel arbitration under the FAA. *Bielski v. Coinbase, Inc.*, 87 F.4th 1003, 1009 (9th Cir. 2023) ("The FAA limits federal court review of arbitration agreements to two gateway arbitrability issues: (1) whether a valid agreement to arbitrate exists, and if it does, (2) whether the agreement encompasses the dispute at issue."). To sufficiently plead a claim under the FAA,

---

[3] Plaintiff's other filings indicate the parties are currently engaged in arbitration. *See* Dkt. No. 39 at 1 (Plaintiff's motion to "identify all counsel of record" that refers to attorneys "who have participated in material aspects of this litigation or in its related arbitration"). Plaintiff should address the potential mootness of the FAA claim in any amended complaint.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S PENDING MOTIONS - 3

Plaintiff must clearly identify a valid arbitration agreement that he can enforce and clearly identify the "dispute at issue" that he seeks to arbitrate.  *Id.*  The current complaint fails to do that.

Thus, the FAA claim is dismissed.

3. <u>The FCRA claim is insufficiently pleaded.</u>

Stripe also argues Plaintiff fails to state a FCRA claim under Federal Rule of Civil Procedure 12(b)(6).  Plaintiff alleges Stripe violated the FCRA by denying him access to "rebuttals and supporting documentation" regarding certain "chargebacks."  Dkt. No. 6 at 4–5 (citing 15 U.S.C. § 1681s-2(a)(3)).  Stripe argues this claim must be dismissed because Plaintiff fails to allege that Stripe is a "furnisher" under the FCRA; that he is a consumer; or that Stripe received the required notice of dispute from a credit reporting agency.  Dkt. No. 20 at 17–18.  Plaintiff's opposition does not address these failings and merely states "[e]ven if the FCRA claim were deemed unclear, Plaintiff respectfully requests leave to amend[.]" Dkt. No. 24 at 4–5.

The Court agrees with Stripe that Plaintiff's FCRA claim does not identify the basis for Stripe's alleged liability.  As pleaded, it is unclear what Plaintiff requested from Stripe, the basis for Stripe's obligation to provide the requested information, or what Plaintiff seeks as a remedy.

The FCRA claim is dismissed.

4. <u>Leave to amend is granted.</u>

"If a motion to dismiss is granted, a court should normally grant leave to amend unless it determines that the pleading could not possibly be cured by allegations of other facts." *Chinatown Neighborhood Ass'n v. Harris*, 33 F. Supp. 3d 1085, 1093 (N.D. Cal. 2014) (citing *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.")

Because it is not clear that the deficiencies in the complaint "could not possibly be cured," the Court grants Plaintiff leave to file an amended complaint solely to cure the deficiencies identified by this order. *See DeLeon v. Wells Fargo Bank, N.A.*, No. 10-CV-01390-LHK, 2010 WL 4285006, at *3 (N.D. Cal. Oct. 22, 2010) ("[W]here leave to amend is given to cure deficiencies in certain specified claims, courts have agreed that new claims alleged for the first time in the amended pleading should be dismissed or stricken.").

B.  **Plaintiff's Pending Motions Are Denied.**

Plaintiff moves "to amend the record to reflect the full participation of all counsel of record who have directly appeared, filed, or received pleadings related to this matter[.]" Dkt. No. 39 at 1. Plaintiff argues that the attorneys participating in a separate JAMS arbitration must enter notices of appearance in this case for "transparency" and "completeness[.]" *Id.* at 3. There is no authority to support such relief and the motion is denied.

Plaintiff also seeks leave to file a surreply for his motion to identify all counsel to respond to "new arguments and assertions raised in Defendant Stripe, Inc.'s Response to Plaintiff's Motion[.]" Dkt. No. 50 at 1. Plaintiff had a chance to respond to Stripe's opposition in its reply (Dkt. No. 49), thus there is no basis to allow a surreply.

### III.  ADMONISHMENT OF PLAINTIFF

The Court finds it necessary, again, to address several concerns regarding Plaintiff's conduct in this case.

First, in support of his motion to compel the names of opposing counsel, Plaintiff cites a case that neither Stripe nor the Court can locate. Dkt. No. 39 at 3 (citing *Hall v. Marriott Int'l, Inc.*, No. 19-CV-01715-JST, 2020 WL 13388981 (N.D. Cal. Apr. 28, 2020)). If Plaintiff meant to cite *Hall v. Marriott Int'l, Inc.*, No. 19-CV-1715 JLS (AHG), (S.D. Cal. filed Sept. 29, 2019), no orders were entered on April 28, 2020, and the Court did not find any case that included the

quotation relied on by Plaintiff. In reply, Plaintiff "withdraws reliance on that specific order[.]" Dkt. No. 49 at 4. Plaintiff is warned that "filing and signing a motion that cites to nonexistent authority can be grounds for sanctions under" Federal Rule of Civil Procedure 11. *Benshoof v. Chin*, No. 2:24-cv-00808-JHC, 2025 WL 1414055, at *4 n.3 (W.D. Wash. May 15, 2025).

Second, in Plaintiff's intent to file a surreply on Stripe's motion to dismiss, Plaintiff seeks to "[p]resent new evidence obtained in early discovery—including documents and communications from card networks and issuer banks... ." Dkt. No. 52 at 2. The Court did not grant Plaintiff leave to engage in "early discovery" and already sanctioned Plaintiff for using forged subpoenas in abuse of the discovery process. Dkt. No. 43. Plaintiff is warned that efforts to use such improperly obtained information will expose him to future sanctions, including dismissal of the case.

Lastly, in support of its motion to dismiss, Stripe attached as an exhibit a brief written by Plaintiff and apparently submitted in a JAMS arbitration, in which Plaintiff states, "the US District Court Judge Kymberly K. Evanson issued the order to compel both parties for arbitration per the SSA, either by stipulation of parties or court order." Dkt. No. 26-1 at 85. As Plaintiff well knows, this Court has not issued an order to compel arbitration. Plaintiff's false statement to an arbitrator, fabricating an order of this Court from whole cloth, is extremely concerning, and consistent with the conduct for which Plaintiff has already been sanctioned. *See* Dkt. No. 43. Pro se litigants are held to the same rules and standards of conduct as represented parties and such falsehoods to any tribunal will not be tolerated. *See Waters v. Blackman*, 947 F.2d 952, 1991 WL 216978, at*1 (9th Cir. 1991) ("[P]ro se parties are not excused from following the rules and orders of the court.").

Though the record is unclear as to the status of any proceedings before JAMS, Plaintiff must retract this false statement. Accordingly, Plaintiff is ORDERED to submit (by U.S. Mail or email) a copy of this order to the JAMS arbitrator or administrator assigned to case number 5160000863 by August 4, 2025. Plaintiff shall file proof of such delivery on the docket by August 5, 2025.

### IV.  CONCLUSION

The Court GRANTS Stripe's motion to dismiss. Dkt. No. 20.

The Court DENIES Plaintiff's motion to identify all counsel. Dkt. No. 39.

Plaintiff's motion for leave to file a surreply to his motion is DENIED. Dkt. No. 50.

Plaintiff must file proof of delivery of this order to JAMS by August 4, 2025

Plaintiff may amend his complaint by August 5, 2025.

Dated this 11th day of July, 2025.

*Kymberly K. Evanson*
Kymberly K. Evanson
United States District Judge