UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROLAND MA,<br><br>                Plaintiff,<br>     v.<br><br>STRIPE INC,<br><br>                Defendant. | CASE NO. C25-0864-KKE<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION |

This matter comes before the Court on Plaintiff's motion for a temporary restraining order ("TRO") and preliminary injunction under Federal Rule of Civil Procedure 65 to enjoin Defendant Stripe Inc. ("Stripe") "from engaging in further collection activities regarding Plaintiff's Stripe Capital Loan[.]" Dkt. No. 55 at 1. Several days later, Plaintiff filed a supplemental declaration in support of his motion for TRO. Dkt. No. 63. Stripe responded. Dkt. No. 64. Plaintiff filed a reply.[1] Dkt. No. 67. The Court has reviewed the briefing and balance of the record, finds oral argument is unnecessary, and denies the motion. *See* Local Rules W.D. Wash. LCR 7(b)(4).

---

[1] Under Local Rule 65(b)(5), "no reply will be permitted" to a motion for a temporary restraining order. Local Rules W.D. Wash. LCR 65(b)(5). Plaintiff's reply is procedurally improper. The Court, however, considers the reply because Plaintiff is proceeding *pro se* and the Court ultimately denies his motion.

ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION - 1

## I.    ANALYSIS

### A.    Legal Standard

In order to succeed on a motion for preliminary injunctive relief, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest.  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  To obtain relief, a plaintiff must "make a showing on all four prongs." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).  Preliminary injunctive relief, including a TRO, is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter*, 555 U.S. at 22; *see also Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (explaining that the showings required to support a TRO are "substantially identical" to the showings required for a preliminary injunction).  The Court finds Plaintiff's failure to identify any irreparable harm dispositive.

### B.    Plaintiff Does Not Demonstrate a Likelihood of Irreparable Harm.

Plaintiff alleges Stripe's collection efforts include sending him emails, letters, push notifications on his phone, text messages, and calling him.  Dkt. No. 55 at 3.  Plaintiff submitted a declaration with screenshots from his phone showing several missed calls from an unassigned number and stating, "I believe these calls are related to Defendant Stripe, Inc.'s collection activities regarding the disputed Stripe Capital Loan referenced in this litigation."  Dkt. Nos. 63, 63-1.  Plaintiff argues that without an injunction, these acts will cause:

1. Continued emotional distress and mental anguish;
2. Damage to credit standing and reputation;
3. Business disruption and financial harm from ongoing collection activity;
4. The risk of default or adverse credit reporting stemming from collection efforts on disputed amounts.

ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION - 2

Dkt. No. 55 at 5. While the alleged communications may potentially cause stress, there is no explanation for why such communications sent directly to Ma would harm his reputation or creditworthiness. Standing alone, the vague allegation of emotional distress is insufficient to demonstrate irreparable harm such that the extreme remedy of a TRO or preliminary injunction is appropriate. *See O'Hailpin v. Hawaiian Airlines, Inc.*, 583 F. Supp. 3d 1294, 1307 (D. Haw. 2022) (explaining that "that emotional and psychological injury can constitute irreparable harm" only "in extraordinary circumstances"); *see also Godox Photo Equip. Co. v. Profoto Aktiebolag*, 2025 WL 1627188, at *2 (W.D. Wash. May 8, 2025) ("Conclusory affidavits are insufficient to demonstrate irreparable harm."). Stripe also submitted an unrebutted declaration stating, "Stripe has taken measures to stop all communications with Ma regarding the Capital Loan, including by SMS, email, and telephone." Dkt. No. 65 ¶ 3. Finally, as Stripe points out, the harms alleged in Ma's motion are unrelated to the claims alleged in his Second Amended Complaint. Dkt. No. 64 at 7–8.

Because Plaintiff fails to demonstrate a likelihood of irreparable harm requiring immediate injunctive relief, the Court need not analyze the remaining prongs. *See Prime Grp., Inc. v. Dixon*, No. 2:21-cv-00016-RAJ, 2021 WL 1664007, at *7 (W.D. Wash. Apr. 28, 2021) ("A failure to establish one of the *Winter* prongs is fatal to a motion for temporary injunctive relief." (citing *A Woman's Friend Pregnancy Res. Clinic v. Becerra*, 901 F.3d 1166, 1167 (9th Cir. 2018)); *Dalrada Precision Corp. v. Cox*, No. 23-CV-1064 JLS (DEB), 2023 WL 4280783, at *5 (S.D. Cal. June 29, 2023).

The motion for a TRO or preliminary injunction is DENIED. Dkt. No. 55. Because Plaintiff failed to show irreparable harm for a TRO, any motion for preliminary injunction also fails. *See Anova Applied Elecs., Inc. v. Inkbird Tech. C.L.*, No. C23-0845JLR, 2023 WL 5177491, at *2 (W.D. Wash. Aug. 11, 2023) ("[T]he court concludes that Anova has not established a

ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION - 3

likelihood that it will suffer irreparable harm in the absence of preliminary relief and DENIES Anova's motion for a preliminary injunction and TRO.") (citing *Stuhlbarg*, 240 F.3d at 839 n.7). No further filings regarding this motion will be considered.

## II. PLAINTIFF'S COMPLIANCE WITH COURT ORDER

The Court must, again, address Plaintiff's litigation tactics. The Court ordered Plaintiff "to submit (by U.S. Mail or email) a copy of this order to the JAMS arbitrator or administrator assigned to case number 5160000863 by August 4, 2025." Dkt. No. 53 at 7. In Plaintiff's declaration submitted with his Second Amended Complaint, he states his belief that "it is unnecessary and moot to arrange personal service of the Court's Order on JAMS" because that arbitration would be administratively closed on July 30, and thus, his complaint that fabricated the existence of an order from this Court will be deleted. Dkt. No. 54-1 at 2. Under the circumstances in this case, Plaintiff is not entitled to decide what is necessary or moot. Compliance with Court orders is not optional. Plaintiff has until August 4, 2025 to comply with the Court's July 11, 2025 order. If Plaintiff fails to do so, the Court will consider imposing monetary sanctions or dismissal of this case.

Dated this 22nd day of July, 2025.

Kymberly K. Evanson
United States District Judge