UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROLAND MA,<br><br>    Plaintiff,<br><br>    v.<br><br>STRIPE INC,<br><br>    Defendant. | CASE NO. C25-0864-KKE<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION TO SEAL |

Plaintiff Roland Ma[1] filed this suit against three defendants, including Stripe Inc. ("Stripe"), under the Federal Arbitration Act ("FAA") and the Fair Credit Reporting Act ("FCRA"). Two defendants have since been dismissed, and Stripe now moves to dismiss Ma's remaining claims. Because Ma has no right to invoke the arbitration agreement he seeks to enforce against Stripe and cannot plead the elements of an FCRA claim, the Court will grant Stripe's motion and dismiss Ma's claims with prejudice. The Court will also deny Ma's motion to seal and direct the Clerk to strike the sealed records from the docket.

---

[1] Plaintiff is subject to a vexatious litigant order. *See Ma v. Dep't of Educ.*, C19-1112-JCC, Dkt. No. 77 (W.D. Wash. filed Feb. 9, 2021). After complying with the order, he was granted leave to file this suit. *In re Roland Ma*, MC21-0015-JCC, Dkt. No. 36 (W.D. Wash. filed May 7, 2025).

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION TO SEAL - 1

# I. BACKGROUND

**A. Procedural History**

Ma filed his initial complaint in May 2025 against Stripe, American Express Company, and "Third-Party Defendant Mr. Douglas Chan Chak Man[.]" Dkt. No. 4. Shortly after filing and paying the filing fee, Ma amended the complaint to update his alleged damages. Dkt. No. 6. Ma then voluntarily dismissed his claims against American Express Company. Dkt. Nos. 27, 29. After providing an opportunity for Ma to object, the Court also dismissed the "third party claim" against Douglas Chan Chak Man. Dkt. No. 43 at 1. Stripe is the only remaining defendant.

On June 23, 2025, after providing Ma multiple opportunities to provide an explanation (Dkt. Nos. 33, 34, 42), the Court found "Plaintiff issued subpoenas to third parties without Court approval in violation of Federal Rule of Civil Procedure 45(a)(3) by affixing Court staff signatures and the Court seal on documents without permission" and sanctioned him under Rule 26(g). Dkt. No. 43 at 2–3. The Court prohibited Ma from engaging in further discovery without leave of the Court and ordered him to withdraw any outstanding discovery requests. *Id.* at 3. The Court also reserved ruling on further sanctions including dismissal under Rules 37 and 41. *Id.*

On July 11, 2025, the Court granted Stripe's motion to dismiss. Dkt. No. 53. The Court dismissed the FAA claim because "Plaintiff does not clearly identify what claims Plaintiff seeks to arbitrate, the existence or contents of any arbitration agreement between Plaintiff and Stripe, or any facts surrounding Stripe's alleged refusal to participate in arbitration." *Id.* at 3. The Court also dismissed the FCRA claim because, "[a]s pleaded, it is unclear what Plaintiff requested from

Stripe, the basis for Stripe's obligation to provide the requested information, or what Plaintiff seeks as a remedy." *Id.* at 4.  The Court granted leave to amend to cure these deficiencies.[2] *Id.*

Ma immediately filed a second amended complaint ("SAC") (Dkt. No. 54) and a motion for temporary restraining order ("TRO") and preliminary injunction (Dkt. No. 55).  After complete briefing on that motion (Dkt. Nos. 57, 63, 64, 67), the Court denied the motion for lack of irreparable harm.  Dkt. No. 68.

There are now two motions pending before the Court.  Stripe filed a motion to dismiss the SAC.  Dkt. No. 71.  Ma responded (Dkt. No. 78), and Stripe replied (Dkt. No. 82).  Also pending is Ma's motion to seal certain "MasterCard records."  Dkt. No. 75.[3]  The records are currently sealed.  Dkt. No. 79.  Stripe responded to the motion to seal (Dkt. No. 80), and Ma replied (Dkt. No. 81).  Ma also filed a combined surreply to his own motion to seal and Stripe's motion to dismiss.  Dkt. No. 83.

**B.      Relevant Facts[4]**

Ma alleges he is "the sole owner and operator of Handsomeland & Co."  Dkt. No. 54 at 1.  He alleges he "created and registered the Handsomeland & Co. account with Stripe[,]" agreed to the Stripe Services Agreement ("SSA"), and entered into a Stripe Capital Loan Agreement ("SCLA")—all "on behalf of Handsomeland & Co."  *Id.* at 2–3.  Stripe states that it provides

---

[2] The Court also acknowledged an exhibit provided by Stripe that evidenced Ma falsely stated in an arbitration filing that this Court had granted his motion to compel arbitration. *Id.* at 5–6. To cure this "extremely concerning" conduct, the Court ordered Ma "to submit (by U.S. Mail or email) a copy of this order to the JAMS arbitrator or administrator assigned to case number 5160000863" and "file proof of such delivery on the docket by August 5, 2025." *Id.* 6–7. In a July 26, 2025 declaration, Ma attested to his compliance with the order. Dkt. No. 73.
[3] The Court denied Plaintiff's request to shorten time on this motion. Dkt. No. 77.
[4] The parties both ask the Court to take judicial notice of certain documents outside the SAC. Dkt. Nos. 72, 74. Because the Court does not reach arguments that rely on these documents and is able to resolve the pending motions on the pleadings and briefs, it declines to take judicial notice. *See Ecological Rts. Found. v. PacifiCorp*, 738 F. Supp. 3d 1239, 1248–49 (N.D. Cal. 2024) (declining to take judicial notice of document unnecessary to resolve the instant motion).

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION TO SEAL - 3

payment technology services to eligible merchants selling goods and services online or through a mobile device. Dkt. No. 71 at 5.

Ma claims Stripe's handling of various chargebacks "fall squarely under the arbitration provisions of both the SSA and [SCLA] because they involve services provided by Stripe, including chargeback handling, dispute resolution, and merchant funding." Dkt. No. 54 at 5. He alleges he attempted to commence arbitration under the SSA and SCLA but that "the American Arbitration Association refused to administer arbitration proceedings involving Plaintiff due to unrelated matters." *Id.*

## II.  MOTION TO DISMISS

### A.  Legal Standard

In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court examines the complaint to determine whether, if the facts alleged are true, plaintiff has stated "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court "consider[s] the allegations collectively and examine[s] the complaint as a whole." *Wilson v. Craver*, 994 F.3d 1085, 1093 n.5 (9th Cir. 2021) (citation modified). A claim is plausible if plaintiff has pleaded "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

### B.  Ma Has No Right to Arbitration Against Stripe

Ma's first cause of action seeks to compel Stripe to arbitrate claims related to the chargebacks. Under section 4 of the FAA, a "party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any [appropriate] United States district court ... for an order directing that such arbitration proceed in

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION TO SEAL - 4

the manner provided for in such agreement." 9 U.S.C. § 4.  To compel arbitration under the FAA, a party must "show (1) the existence of a valid, written agreement to arbitrate; and, if it exists, (2) that the agreement to arbitrate encompasses the dispute at issue." *Ashbey v. Archstone Prop. Mgmt., Inc.*, 785 F.3d 1320, 1323 (9th Cir. 2015) (citing *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008)).

The right to compel arbitration stems from contract and "may not be invoked by one who is not a party to the agreement and does not otherwise possess the right to compel arbitration." *Britton v. Co-op Banking Grp.*, 4 F.3d 742, 744 (9th Cir. 1993).  Thus, "[t]he strong public policy in favor of arbitration does not extend to those who are not parties to an arbitration agreement[.]" *Comedy Club, Inc. v. Improv W. Assocs.*, 553 F.3d 1277, 1287 (9th Cir. 2009) (citation omitted).  State law, however, may permit a non-signatory to invoke an arbitration agreement in certain circumstances.  *Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1128 (9th Cir. 2013) ("[A] litigant who is not a party to an arbitration agreement may invoke arbitration under the FAA if the relevant state contract law allows the litigant to enforce the agreement.").  For instance, a non-signatory that is a third-party beneficiary or assignee of an arbitration agreement can, in some cases, invoke the agreement against a signatory. *See Britton*, 4 F.3d at 744–48 (applying California law).

Here, there is no question Ma is not a party to the SSA or SCLA.  He alleges he executed both agreements "on behalf of Handsomeland & Co." Dkt. No. 54 at 2.  According to Stripe, the FAA claim therefore fails because Ma has no arbitration agreement with Stripe and cannot "claim Handsomeland's contractual rights as his own." Dkt. No. 71 at 10.  Ma responds that he can enforce the arbitration clause because he executed both agreements "as sole owner and

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION TO SEAL - 5

representative of" Handsomeland. Dkt. No. 78 at 2. As explained below, the Court disagrees and finds Ma has no right to compel arbitration on Handsomeland's behalf.[5]

An agency relationship can, in some cases, empower a non-signatory to invoke an arbitration agreement. *See Britton*, 4 F.3d at 746–48. Courts applying Washington law have held that non-signatories may "compel arbitration under agency and related principles when, as a result of the nonsignatory's close relationship with a signatory, a failure to do so would eviscerate the arbitration agreement." *Loyola v. Am. Credit Acceptance LLC*, No. 2:19-CV-00002-SMJ, 2019 WL 1601362, at *8 (E.D. Wash. Apr. 15, 2019) (citation modified) (quoting *Wiese v. Cach, LLC*, 358 P.3d 1213, 1222 (Wash. Ct. App. 2015)). In *Loyola* and *Wiese*, for instance, agents of a signatory were able to invoke their principal's arbitration rights because they were sued alongside the "signatory principal" on "inherently inseparable" claims "based on the same facts[.]" *Id.* (quoting *Wiese*, 358 P.3d at 1222).

Ma invokes these principles in asserting his right to enforce the arbitration clauses in the SSA and SCLA against Stripe. For support, he cites *Letizia v. Prudential Bache Securities, Inc.*, in which the Ninth Circuit, applying "ordinary … agency principles[,]" held that employees of a brokerage firm could invoke their employer's arbitration rights in a suit naming them and the firm as defendants. 802 F.2d 1185, 1187–88 (9th Cir. 1986). But like other cases that have reached similar outcomes, *Letizia* involved defendants seeking to compel arbitration after being sued for alleged wrongdoing in their capacities as agents of the signatory. *See id.* at 1188 (enforcing arbitration clause because "[a]ll of the individual defendants' allegedly wrongful acts related to their handling of [plaintiff's] securities account"); *Loyola*, 2019 WL 1601362, at *8 (same where

---

[5] Ma also argues he can assert Handsomeland's arbitration rights because he is "the individual against who Stripe enforces obligations." Dkt. No. 78 at 2. But the SAC alleges no facts supporting this assertion, and Ma "cannot supplement [his] pleading by asserting new facts in his opposition" brief. *Acedo v. DMAX, Ltd.*, No. CV1502443MMMASX, 2015 WL 12912365, at *16 n.179 (C.D. Cal. July 31, 2015). In any event, Ma cites no authority, and the Court is aware of none, suggesting Stripe's actions confer him with a right to compel arbitration.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION TO SEAL - 6

"each defendant was the agent or employee of each of the other defendants and was acting within the course and scope of such agency or employment"); *Wiese*, 358 P.3d at 1222 (claims against non-signatory parent company were "inherently inseparable" from and based on "same facts" as claims against subsidiary).  In such circumstances, "[f]ederal courts have consistently afforded agents, employees, and representatives the benefit of arbitration agreements entered into by their principals to the extent [they are sued for] alleged misconduct relate[d] to their behavior as officers or directors or in their capacities as agents of the corporation." *Creative Telecommunications, Inc. v. Breeden*, 120 F. Supp. 2d 1225, 1240 (D. Haw. 1999) (collecting cases).

These agency principles do not suggest Ma can assert Handsomeland's right to arbitration in a suit Ma brought in his own capacity simply because he is the company's "owner and representative[.]"  Dkt. No. 78 at 2.  To the contrary, under Washington law, individual shareholders may not sue "to enforce corporate rights or to redress wrongs done to a corporation" except through a derivative action, *Goodwin v. Castleton*, 144 P.2d 725, 731 (Wash. 1944), which "may be brought only in exceptional circumstances" not present here. *Haberman v. Wash. Pub. Power Supply Sys.*, 744 P.2d 1032, 1060 (Wash. 1987), *amended*, 750 P.2d 254 (1988).  Put differently, Ma cannot sue others to enforce Handsomeland's rights simply because he might have invoked the company's arbitration rights had he been sued for acts he took as Handsomeland's agent.  Allowing a sole shareholder "to sue on a contract signed only by the corporation would be to allow that person the benefits of a corporation without the limitations." *AMESCO Exports, Inc. v. Associated Aircraft Mfg. & Sales, Inc.*, 977 F. Supp. 1014, 1016 (C.D. Cal.), *vacated on other grounds*, 87 F. Supp. 2d 1013 (C.D. Cal. 1997).

Indeed, the concern for bypassing limitations on corporate entities is underscored here.  Not only has Ma not satisfied the requirements for a derivative action, he would be barred from bringing this suit on Handsomeland's behalf in any event because *pro se* litigants may not represent

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION TO SEAL - 7

corporate entities in federal court. *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008); *see also United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) ("A corporation may appear in federal court only through licensed counsel."). Ma cannot circumvent this limit by asserting Handsomeland's right to arbitrate in a suit in his own name simply because he claims to be its owner and representative.

Because Ma is not a party to the arbitration agreement and has no other right to invoke it, the Court will dismiss his FAA claim.

**C.    Ma Fails to State a FCRA Claim**

Ma's second cause of action asserts a violation of the FCRA based on Stripe's alleged "fail[ure] to provide Plaintiff with records, rebuttals, or documentation relating to chargebacks[.]" Dkt. No. 54 at 7. According to Ma, this purported obligation stems from Stripe's status as a "'furnisher' of credit information" under the FCRA. *Id.* To state a FCRA claim against a furnisher, "a plaintiff must show that (1) he found an inaccuracy in his credit report; (2) he notified a credit reporting agency; (3) the credit reporting agency notified the furnisher of the information about the dispute; and (4) the furnisher failed to investigate the inaccuracies or otherwise failed to comply with the requirements of 15 U.S.C. § 1681s–2(b)(1)(A)–(E)."[6] *Biggs v. Experian Info. Sols., Inc.*, 209 F. Supp. 3d 1142, 1144 (N.D. Cal. 2016); *see also Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153–54 (9th Cir. 2009).

---

[6] Ma's first amended complaint alleged that Stripe violated 15 U.S.C. § 1681s-2(a)(3), which prohibits furnishers from providing credit information about a person to a credit reporting agency if the person disputes the information. *See* Dkt. No. 6 at 5. To the extent Ma's claim is based on § 1681s-2(a)(3), the FCRA does not provide a private right of action for violations of this subsection. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009) ("Duties imposed on furnishers under subsection (a) [of § 1681s-2] are enforceable only by federal or state agencies."). The statute only provides a "private right of action [for] claims arising under subsection (b)[.]" *Id.*

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION TO SEAL - 8

Ma's claim fails for multiple reasons. Even assuming Stripe is a furnisher under the FCRA—and this is far from clear[7]—Ma never alleges he notified a credit reporting agency about inaccurate credit information, that the agency notified Stripe of the dispute, or that Stripe failed to investigate or otherwise comply with its statutory obligations. There is no authority for Ma's assertion that the FCRA obligated Stripe to provide him with documents related to chargebacks. To the extent the FCRA imposes duties on furnishers enforceable by a private right of action, it requires them to investigate and potentially correct credit information "only after the furnisher receives notice of [a] dispute from a" credit reporting agency. *Gorman*, 584 F.3d at 1154. Despite being alerted of these deficiencies in Stripe's motion to dismiss, Ma failed to respond to them in his opposition (Dkt. No. 78) or surreply (Dkt. No. 83).

Because Ma fails to plead facts supporting the elements of his FCRA claim, the Court will dismiss his second cause of action.

D.    **The Court Will Not Grant Leave to Amend**

"If a motion to dismiss is granted, a court should normally grant leave to amend unless it determines that the pleading could not possibly be cured by allegations of other facts." *Chinatown Neighborhood Ass'n v. Harris*, 33 F. Supp. 3d 1085, 1093 (N.D. Cal. 2014) (citing *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a *pro se* complaint

---

[7] A furnisher under the FCRA is a "source[] that provide[s] credit information to" credit reporting agencies. *Gorman*, 584 F.3d at 1153. Ma's allegation that Stripe "exercis[es] discretion as an acquiring bank to determine the outcome of chargeback disputes" does not show that Stripe provides credit information to reporting agencies. Dkt. No. 54 at 7. In his opposition, Ma also asserts that Stripe is a furnisher because "Plaintiff's evidence (see Exhibit A) shows Stripe conducted a hard inquiry on [Ma's] Experian report in its underwriting process." Dkt. No. 78 at 4. This fact is not in the SAC, and Courts typically "may not consider material outside the pleadings" on a motion to dismiss. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). In any event, the "evidence" Ma submits appears to concern a credit inquiry he was notified of in late July 2025, *after* Ma filed the SAC. *See* Dkt. No. 78-1 at 2, 12–13.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION TO SEAL - 9

without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citation amended)).

Here, permitting Ma to amend his complaint a third time would be futile. *See Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990) ("It is not an abuse of discretion to deny leave to amend when any proposed amendment would be futile."). Ma's FAA claim fails because he is not a party to the arbitration agreement he seeks to enforce. And his FCRA claim is not actionable because the FCRA imposes no obligation on Stripe to produce the "records, rebuttals, or documentation relating to chargebacks" that are the basis of his claim. Since there are no facts Ma could plead consistent with his prior pleadings to cure the SAC's shortcomings, the Court will dismiss this action with prejudice.

### III.  MOTION TO SEAL

Still outstanding is Ma's motion to file under seal over 1,200 pages of records purportedly containing documents "released by MasterCard International" in some way related to the chargeback disputes concerning Handsomeland. Dkt. No. 75 at 1. Ma states "[t]hese documents contain proprietary, confidential, and personally identifiable information … concerning Plaintiff's customers, chargeback disputes, and confidential business transactions." *Id.* at 1–2. While he asserts the records are "essential" to "rebutting Defendant's claims" and "confirm[ing] various" unidentified "facts related to the … chargeback dispute" (*id.* at 2), Ma neither cites the records in his opposition nor convincingly explains their relevance to any matter before the Court. *See* Dkt. Nos. 78, 83. Without citing any particular documents, his surreply contains a cursory reference to the entire trove of records, which he states shows Stripe "withheld" certain "rebuttal evidence" related to chargebacks. Dkt. No. 83 at 3.

Even assuming the records demonstrate this (Ma does not explain how), they serve no purpose. At this stage, the Court takes the SAC's allegation that Stripe withheld "records,

rebuttals, or documentation" as true and generally does not consider evidence outside the pleadings. *See* Dkt. No. 54 at 7. Indeed, the Court already warned Ma "it is unlikely … the referenced documents will be relevant" because, "on a motion to dismiss, the Court only considers the operative complaint and documents incorporated-by-reference or subject to judicial notice[.]" Dkt. No. 77 at 2 n.2 (citing *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)).

This District's local rules reflect "a strong presumption of public access to the court's files" and require parties seeking to file records under seal to meet specific requirements. Local Rule W.D. Wash LCR 5(g). In particular, a party filing a motion to seal must certify that the parties "met and conferred [] in an attempt to reach agreement on the need to file the document under seal, to minimize the amount of material filed under seal, and to explore redaction and other alternatives to filing under seal[.]" LCR 5(g)(3)(A). A party must also provide "[a] specific statement of the applicable legal standard and the reasons for keeping a document under seal," including (i) "the legitimate private or public interests that warrant the relief sought"; (ii) "the injury that will result if the relief sought is not granted"; and (iii) "why a less restrictive alternative to the relief sought is not sufficient." LCR 5(g)(3)(B). Finally, a party must "minimize the number of documents it files under seal and the length of each document it files under seal." LCR 5(g)(4).

Ma wholly failed to comply with these requirements. He did not certify his efforts to meet and confer with Stripe, failed to state why a less restrictive alternative would be insufficient, and made seemingly no effort to limit the volume or length of the sealed records.[8] Instead, he simply filed hundreds of records with little or no connection to any pending motion and that seem to contain financial account numbers and the names and addresses of numerous non-parties.

---

[8] In his reply in support of the motion to seal, Ma claims he made "attempts to obtain a stipulated protective order covering these materials." Dkt. No. 81 at 2. Stripe's counsel states it could not locate any such communications. Dkt. No. 82 at 6 n.4. In any event, requesting a stipulated protective order does not satisfy LCR 7(g)'s meet-and-confer requirement, which mandates conferring on specific topics and certifying "the date, manner, and participants of the conference."

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION TO SEAL - 11

"It is well established that district courts have inherent power to control their docket." *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (citation modified) (quoting *Atchison, Topeka & Santa Fe Ry. v. Hercules, Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998)). "This includes the power to strike items from the docket as a sanction for litigation conduct[,]" *id.*, or for procedurally improper filing, *see Jackson v. Kroger Co.*, No. 2:24-CV-02128-LK, 2025 WL 346640, at *1 (W.D. Wash. Jan. 30, 2025). Because Ma failed to comply with the procedural requirements for filing a motion to seal and has not demonstrated that any of the 1,200-plus pages of records containing personal information are relevant to issues before the Court, the Court will deny his motion and strike the records from the docket.

## IV. CONCLUSION

Accordingly, the Court ORDERS that Stripe's motion to dismiss (Dkt. No. 71) is GRANTED, Ma's motion to seal (Dkt. No. 75) is DENIED, and this case is DISMISSED with prejudice. The Clerk is directed to STRIKE from the docket the records filed under seal at Dkt. No. 79.

Dated this 4th day of November, 2025.

Kymberly K. Evanson
United States District Judge