UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROLAND MA, | CASE NO. C25-0864-KKE |
| Plaintiff(s), | ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION TO RETURN OR PRESERVE EXHIBITS |
| v. | |
| STRIPE INC, | |
| Defendant(s). | |

Plaintiff requests that the Court reconsider its order granting Defendant's motion to dismiss. Dkt. No. 87. Because Plaintiff's motion fails to establish that reconsideration is warranted, the Court will deny Plaintiff's motion.

"A motion for reconsideration should not be used to ask a court to rethink what the court had already thought through—rightly or wrongly." *Nelson v. Thurston County*, No. C18-5184 RBL, 2019 WL 1489134, at *1 (W.D. Wash. Apr. 3, 2019) (citing *Defs. of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995)); *see* Local Rules W.D. Wash. LCR 7(h)(1) ("Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence."). Although Plaintiff disagrees with the Court's conclusions, he has failed to identify a manifest error or new facts or evidence bearing on issues before the Court that could not have been brought to the Court's

ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION TO RETURN OR PRESERVE EXHIBITS - 1

attention earlier. *See* Dkt. No. 87. Plaintiff's motion references "newly discovered evidence" that he contends "confirms [Defendant's] use of [Deutsche Bank Trust Company Americas] as the acquirer bank of record[.]" Dkt. No. 87 at 2. However, Plaintiff fails to explain how this evidence undermines any of the Court's reasons for granting Defendant's motion to dismiss—namely, that Plaintiff is not a party to the arbitration clause he seeks to enforce and that Plaintiff fails to plead the elements of a Fair Credit Reporting Act claim. *See* Dkt. No. 86.

Plaintiff also asks the Court for "an order preserving or returning sealed exhibits previously lodged with the Clerk, in order to ensure appellate review and protect confidential evidence[.]" Dkt. No. 87 at 3. Under this District's local rules, "[a]ll files and records of the court shall remain in the custody of the clerk and no record or paper belonging to the files of the court shall be taken from the custody of the clerk without a special order of the court or judge[.]" LCR 79(f). Such an order will not be made "except upon urgent grounds stated in a written application[.]" *Id.* Plaintiff has not provided "urgent grounds" on which to order the Clerk to release records from its custody. The records Plaintiff references—which were improperly filed under seal and subsequently stricken from the docket (Dkt. No. 79)—will be available for appellate review through the Case Management/Electronic Case Files system.

Accordingly, the court DENIES Plaintiff's motion for reconsideration and motion to preserve or return exhibits. Dkt. No. 87.

Dated this 7th day of November, 2025.

Kymberly K. Evanson
United States District Judge

ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION TO RETURN OR PRESERVE EXHIBITS - 2